**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **Crim. No. 08-167-04 (RJL)** |
| : | |
| : | |
| **MELVIN SORTO,** : | |
| Defendant : | |

# MOTION FOR RECONSIDERATION

The defendant, Melvin Sorto, through undersigned counsel, hereby moves the Court to reconsider its denial by Minute Order on June 24, 2010 of the Defendant's Motion to Strike Alias. In support of this motion, the defendant states the following:

1. As a prima facie matter, the alleged alias of "Killer" is not only irrelevant here, but its admission into evidence also provides totally inaccurate, as well as incurably prejudicial information to the jury. There is no more serious crime than that of Murder. To inform the jury that a defendant's nickname or alias is "Killer" is to in effect advise them that he has committed murders in the past. In the case of Mr. Sorto, the government concedes that it has no evidence at all that he has ever killed anyone. It further acknowledges that he did not actually shoot or otherwise kill the decedent Edwin Ventura, nor did he shoot Nelson Maldonado. (See Government's Omnibus Response to Pretrial Motions at 58).

2. The Second Circuit Court of Appeals, in United States v. Farmer , 583 F. 3d 131, 135 (2d Cir. 2009), a gang murder and attempted gang murder case in which the defendant was known by the nickname "Murder," spelled out the obvious potential for prejudice of allowing the defendant to be referred to by that appellation:

> When a defendant charged with a crime of violence is identified before a jury by a

1

nickname that bespeaks guilt, violence, or depravity, the potential for prejudice is obvious. Before receiving such evidence over a defendant's objection, a trial court should consider seriously whether the probative value is substantially outweighed by any danger of unfair prejudice, Fed. R. Evid, 403, and whether introduction of the nickname is truly needed to identify the defendant, connect him with the crime, or prove some other matter of significance. Even so, a potentially prejudicial nickname should not be used in a manner beyond the scope of its proper admission that invites unfair prejudice. Federal Rule of Evidence 404(a) provides (with exceptions not applicable here) that 'evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion.' It is the ethical obligation of the prosecutor, and the legal obligation of the court, to ensure that this rule is observed.

In Farmer, supra, the Court reversed the defendant's conviction for attempted murder in aid of racketeering based on the misuse of his nickname.[1] Id. at 148. See also United States v. Williams, 739 F. 2d 297 (7th Cir. 1984) ( identification of defendant as "Fast Eddie" in transportation of stolen motor vehicle case held to be reversible error based upon Fed. Rule 404(a) and Fed. Rule 403 analyses.)

    3. The government now asserts that there will be multiple witnesses testifying against Mr. Sorto. It states that while some of these witnesses know Mr. Sorto only as "Killer", others know the defendant by the less offensive alias of "Fantasma", some know him by both aliases, and some know him as Melvin. [2] The government in effect concedes that it has sufficient witnesses who can identify the defendant without referring to him by the violent and inaccurate nickname. As to those who allegedly only know him as "Killer," their testimony may merely be cumulative; if not, there are better alternatives to having those witnesses refer to him by that

---

[1] In its Omnibus Response, at 57, the government's summary of the Farmer holdings is inaccurate. The government noted there that the racketeering convictions were affirmed. In fact, the Court reversed the conviction for attempted murder in aid of racketeering; it upheld the separate murder conviction only because the other evidence on that count was so strong, while still noting the severe prejudice caused by the references to the defendant as "Murder."

[2] The defense did not have this information at the time that it submitted its original Motion to Strike Use of Defendant's Alias. The filing of a Motion for Reconsideration is therefore appropriate here.

nickname.[3] Those witnesses can simply do an in-court identification of the defendant without using his name at all. (It is common is criminal trials for a witness to identify a defendant in court by his appearance without knowing his name.) They can then go on to testify about any relevant information of which they have direct knowledge. The government should also inform such witness ahead of time of the true name of the person that he or she knows as Killer, and that Mr. Sorto should be referred to in court only by his true name, i.e. Melvin, or Melvin Sorto. This procedure in no way puts an unfair burden on the government in its efforts to identify Mr. Sorto.

    4. Conversely, to allow witnesses to refer to Melvin Sorto as "Killer," has no probative value at all, while the prejudice it will cause to his defense will be irreparable. Can the government honestly say that a juror hearing the defendant referred to by a witness as "Killer" will not automatically assume that he must have murdered in the past—after all, why else would the other gang members call him "Killer?—and that having murdered in the past, he likely participated in the murder of Mr. Ventura here. Such a rational but totally inappropriate analysis by the jurors illustrates why Fed. Rules of Evidence 404(a) and 403 must be applied here, and any reference to the defendant as "Killer" not admitted into evidence. Weighing the probative value of identifying Mr. Sorto as "Killer" against the prejudice of the introduction of such a violent, and in this case inaccurate alias under Fed. Rule of Evidence 403, the balance must clearly be struck in favor of exclusion: the harm is irreparable and substantially outweighs the probative value, if any, of allowing the defendant to be identified by that nickname.

    5. The government also asserts that it will "genuinely attempt to fashion a cautionary instruction for submission to the jury if defendant Sorto so desires." <u>Omnibus Response</u> at 58.

---

[3] The defense, despite having interviewed multiple witnesses, has not encountered anyone who identified Mr. Sorto as "Killer."

Although courts ordinarily presume that the jury follows the court's instructions, "this presumption is dropped where there is an overwhelming probability that the jury will be unable to follow the court's instructions and the evidence is devastating to the defense." United States v. Colombo, 909 F.2d 711, 715 (2d Cir.1990). Such probability and prejudice are obvious here. It will not be possible to fashion an instruction that will stop the jurors from thinking of Mr. Sorto as a killer who must have participated in the RICO murder and the other violent acts that are alleged against him.

**WHEREFORE**, the defendant respectfully requests that the Court reconsider its previous denial of the defendant's Motion to Strike Use of Defendant's Alias, strike the defendant's nicknames or aliases from the indictment and enter an order preventing the government from referring to the defendant by his alleged aliases or nicknames.

Respectfully Submitted,

_____/s/_____
Mitchell M. Seltzer
Counsel for Melvin Sorto
717 D Street, N.W.
Suite # 310
Washington, D.C. 20004
(202) 347-2333
D.C. Bar #261933

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Reconsideration has been served electronically via ECF upon counsel for the government, and upon each codefendant's counsel of record this ___23d_____day of August 2010.

_____/s/_____
Mitchell M. Seltzer